# UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

Wayne M. Marshall,                                     Civil No. 19-2313 (DWF/DTS)

                      Plaintiff,

v.                                                     **MEMORANDUM OPINION**
                                              **AND ORDER**

Smith & Nephew, Inc.,

                      Defendant.

---

Debra Humphrey, Esq., Margaret Cordner, Esq., Stephen Monroe, Esq., Marc J. Bern & Partners LLP; and Earl Singh, Esq., Singh Advisors LLC, counsel for Plaintiff.

Pharaoh Johan Lewis, Esq., and Tracy J. Van Steenburgh, Esq., Nilan Johnson Lewis PA, counsel for Defendant.

---

This matter is before the Court upon a Motion for Sanctions brought by Defendant Smith & Nephew, Inc. ("Defendant"). (Doc. No. 49.) Defendant requests that this Court award sanctions against Plaintiff Wayne M. Marshall ("Plaintiff") in the amount of $4,725.00. (*Id.*; *see also* Doc. No. 47 at 3.)

Based on the record and submissions of the parties, and the Court being otherwise duly advised in the premises, the Court denies Defendant's motion.

## MEMORANDUM

Plaintiff is a citizen of Minnesota, while Defendant is a Delaware corporation with a principal place of business in Tennessee. (Doc. No. 1-1 ("Compl.") ¶¶ 7-8.)

On July 31, 2019, Plaintiff filed a complaint against Defendant in Minnesota state court. (*See* Compl.) On August 21, 2019, Defendant removed the case to this Court.

(Doc. 1 ("Notice of Removal").)  On August 28, 2019, Defendant filed a motion to dismiss the complaint.  (Doc. No. 11.)

On September 20, 2019, Plaintiff advised Defendant that he intended to file a motion to remand this case based on personal jurisdiction grounds.  (*See* Doc. No. 47-1 ("Steenburgh Aff."), Ex. A ("Steenburgh Email") at 2.)  Defendant responded that Plaintiff had "no basis for a motion for remand" and suggested that Plaintiff had "confused ***subject matter*** jurisdiction with ***personal jurisdiction***."  (*Id*. at 2 (emphasis in original).)  Defendant stated that the case was properly removed to federal court and asked Plaintiff to reconsider the decision to file a motion to remand.  (*Id*.)

On September 23, 2019, Plaintiff filed a motion to remand this case to Minnesota state court.  (Doc. No. 18.)  Plaintiff argued that remand was appropriate because Defendant "has ***consented to*** the jurisdiction of Minnesota courts, by registering an agent to be served in Minnesota, with the authority to transact business in Minnesota as an active, foreign business, and therefore Defendant is a citizen of the state of Minnesota." (Doc. No. 18-2 at 2 (emphasis in original).)  Plaintiff did not cite to any case law that supported Plaintiff's novel theory that a registered agent made Defendant a citizen of Minnesota.  (*See generally id*.)  Instead, Plaintiff cited cases that stood for the proposition that a registered agent properly subjected a party to ***general personal jurisdiction*** in Minnesota.  (*See id*. at 5-7.)

Defendant filed a response to Plaintiff's motion on October 24, 2019.  (Doc. No. 24.)  Plaintiff did not submit a reply brief in support of his motion.  The Court set a

2

hearing date for November 8, 2019.  (Doc. No. 40.)  Three days before the hearing, Plaintiff withdrew his motion to remand.  (Doc. No. 43.)

Defendant subsequently filed a letter and motion requesting sanctions against Plaintiff under Federal Rules of Civil Procedure 11 and 37.[1]  (Doc. Nos. 47, 49.) Defendant requested sanctions in the amount of $4,725.00.  (Doc. No. 47 at 2.) Defendant argues that sanctions are warranted in this case because Plaintiff's motion for remand was "frivolous and premised on an argument that had no basis in law."  (*Id*.) Defendant further argues that Defendant put Plaintiff on notice that Plaintiff's motion was baseless.  (*Id*. at 3.)  Plaintiff filed a response to Defendant's motion for sanctions, stating Plaintiff's motion to remand was "in good faith and warranted by existing law or a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law."  (Doc. No. 51 at 1.)

Rule 11 provides that, by presenting a motion to a court, the attorney certifies that to the best of that person's knowledge, information, and belief, formed after an inquiry under the circumstances "the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law."  Fed. R. Civ. P. 11(b)(2).  To satisfy the requirements of Rule 11, an attorney is obligated to conduct a reasonable inquiry into the factual basis for a claim.  *See Coonts v. Potts*, 316 F.3d 745, 753 (8th Cir. 2003).  In

---

[1]    Defendant initially filed a letter with the Court requesting sanctions.  (Doc. No. 47.)  After the Court requested that Defendant file a formal motion for sanctions, (Doc. No. 48), Defendant filed a motion for sanctions (Doc. No. 49).

determining whether sanctions are warranted, the court considers "whether a reasonable and competent attorney would believe in the merit of [the] argument." *Id*. (internal quotations omitted).

Federal Rule of Civil Procedure 11(c)(2) provides, in the relevant part, that "[a] motion for sanctions must be made separately from any other motion and must describe the specific conduct that allegedly violates Rule 11(b)." A Rule 11 motion must not be filed "if the challenged paper . . . is withdrawn or appropriately corrected within 21 days after service or within another time the court sets." Fed. R. Civ. P. 11(c)(2). Thus, Rule 11 "'provide[s] a type of 'safe harbor' against motions under Rule 11 in that a party will not be subject to sanctions on the basis of another party's motion unless, ***after receiving the motion***, it refuses to withdraw that position.'" *Gordon v. Unifund CCR Partners*, 345 F.3d 1028, 1029 (8th Cir. 2003) (quoting Fed. R. Civ. P. 11, Advisory Committee Notes (1993) (emphasis in original)).

Federal Rule of Civil Procedure 37(b)(2) governs sanctions for failure to comply with a discovery order. Fed. R. Civ. P. 37(b)(2). The Rule provides that, if a party "fails to obey an order to provide or permit discovery," the court may impose a variety of sanctions. *See* Fed. R. Civ. P. 37(b)(2)(A). "[I]nstead of or in addition to" the sanctions described in Rule 37(b)(2)(A), the court "must order the disobedient party, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified, or other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(b)(2). A "district court has wide

discretion to impose sanctions for a party's failure to comply with discovery requests."
*United States v. Big D Enters., Inc.*, 184 F.3d 924, 936 (8th Cir. 1999).

Here, the Court finds that sanctions under Rule 11 are inappropriate.  The Court
notes that neither the Defendant's email correspondence with Plaintiff's counsel
(Steenburgh Email at 2) nor Defendant's Opposition to Plaintiff's Motion to Remand
(Doc. No. 24) mentions the possibility of sanctions under Rule 11.  Moreover, informal
communications of a potential Rule 11 violation cannot satisfy the notice requirement of
Rule 11.  *See VanDanacker v. Main Motor Sales Co.*, 109 F. Supp. 2d 1045, 1055 (D.
Minn. 2000) (finding that it would "wrench both the language and purpose" of Rule 11 to
"permit an informal warning to substitute for service of a motion") (quotations and
citations omitted); *TRI, Inc. v. Boise Cascade Office Prods., Inc.*, Case No. 00-CV-1464
RHK/AJB, 2002 WL 31108190, at *2 (D. Minn. Sept. 20, 2002) (noting that "[t]his court
and others have repeatedly rejected arguments that warning letters and other informal
notices trigger the start of the safe harbor period").  Thus, the Court finds that notice of a
potential Rule 11 violation did not occur until, at the earliest, Defendant's oral motion at
the November 8, 2019 hearing.  By that time, Plaintiff had already withdrawn its Motion
to Remand.  (Doc. No. 43.)  Plaintiff's conduct falls under the safe harbor provisions of
Rule 11 and, thus, sanctions under Rule 11 are inappropriate.

The Court also finds that sanctions under Rule 37 are inappropriate.  The Court
finds that Defendant has not identified any discovery order with which the Plaintiff has
failed to comply.  Moreover, while Defendant's motion requests sanctions both Rules 11

and 37 (Doc. No. 49), Defendant's letter does not address sanctions under Rule 37 at all (Doc. No. 47).  Accordingly, the Court declines to sanction the Plaintiff under Rule 37.

Although the Court is denying Defendant's motion for sanctions under Rules 11 and 37, the Court notes that its denial is not a ratification of Plaintiff's conduct in this matter.  The Court further notes that Plaintiff's motion to remand, including Plaintiff's interpretation of the cited case law, was baseless and clearly confused two different types of jurisdictional issues—diversity jurisdiction and personal jurisdiction.  Based on this apparent confusion, some would suggest that a CLE course related to diversity jurisdiction would be in order.  Regardless, the Court notes that the Plaintiff's conduct regarding its motion to remand and its response to Defendant's motion for sanctions, which reiterated Plaintiff's unsupported assertion that a registered agent renders a party a citizen of a state,[2] is an example of how not to handle this type of situation.

## ORDER

Based on the foregoing, and the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that Defendant's Motion for Sanctions (Doc. No. [49]) is **DENIED**.


Dated:  July 28, 2020                       s/Donovan W. Frank
                                            DONOVAN W. FRANK
                                            United States District Judge

---

[2]      In its response to Defendant's motion for sanctions, Plaintiff submitted two articles discussing Pennsylvania state court decisions.  (*See* Doc. Nos. 51-2 & 51-3.) Neither decision was cited in Plaintiff's motion to remand.  Moreover, based on the description of the cases in the articles, both decisions addressed whether registration satisfied ***personal jurisdiction*** requirements, not ***subject matter jurisdiction*** requirements.